NO. 07-04-0072-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 23, 2005



______________________________




LARRY W. BANKS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-402281; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Following a not guilty plea, appellant Larry W. Banks was convicted by a jury of his
third offense for driving while intoxicated, and punishment was assessed at thirty years
confinement. In presenting this appeal, counsel has filed an Anders (1) brief in support of a
motion to withdraw. We grant counsel's motion and affirm.

 In support of her motion to withdraw, counsel certifies she has diligently reviewed
the record, and in her opinion, the record reflects no reversible error upon which an appeal
can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, she concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d
807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the court's judgment. Counsel has also shown that she sent
a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal
is without merit. In addition, counsel has demonstrated that she notified appellant of his
right to review the record and file a pro se response if he desired to do so. Appellant did
not file a response. Neither did the State favor us with a brief.

 On December 14, 2002, appellant was arrested for driving while intoxicated. He was
apprehended after three witnesses observed him driving erratically on a public street,
swerving from lane to lane, and occasionally striking medians and curbs. The witnesses
followed appellant in their vehicle while one of them called 911 on her cell phone. Police
officers confronted appellant as he pulled into his apartment. After exhibiting signs of
intoxication and failing the administered field sobriety tests, officers arrested appellant for
driving while intoxicated. At the police department, appellant initially refused to submit a
breath sample; however, he later changed his mind and submitted samples which placed
his alcohol concentration at over twice the legal limit. Due to two prior convictions for
driving while intoxicated, appellant was indicted for felony DWI. Appellant pleaded not
guilty to the felony charge, but pleaded true to the prior convictions. After hearing the
evidence, a jury found him guilty of the charged offense, and the trial judge, considering 
the enhancements, assessed appellant's punishment at thirty years imprisonment in a state
jail facility. Appellant subsequently filed a notice of appeal.

 By her Anders brief, counsel concedes two grounds that could arguably support an
appeal. The first is whether sufficient evidence was presented to support the conviction
and judgment. When reviewing a factual sufficiency claim, an appellate court must view
all the evidence "without the prism of 'in the light most favorable to the prosecution'" and
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App. 1996)
(quoting Stone v. State, 823 S.W.2d 375, 381 (Tex.App.-Austin 1992, pet. ref'd, untimely
filed)). We must determine, considering all of the evidence in a neutral light, whether the
jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144
S.W.3d 477, 484 (Tex.Cr.App. 2004).

 We agree with counsel's conclusion that the State presents evidence as to each
element of the charged offense. The State's evidence consists of a videotape recorded by
a camera in the arresting officer's vehicle and breath sample results from the police
intoxilyzer. There is also testimony from three eyewitnesses, the arresting officer, and the
supervisor of the DPS breath alcohol testing program. The jury, as trier of fact, may
choose to believe all, some, or none of any witness's testimony. Sharp v. State, 707
S.W.2d 611, 614 (Tex.Cr.App. 1986). A jury's decision is not manifestly unjust merely
because it resolved conflicting views of evidence in favor of the State. Cain v. State, 958
S.W.2d 404, 410 (Tex.Cr.App. 1997). Upon review of the record, we conclude the
evidence was factually sufficient to support appellant's conviction beyond a reasonable
doubt.

 We also find that appellant was afforded effective assistance of counsel. See
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In her brief, counsel asserts
that trial counsel used a viable strategy to discredit the eyewitness testimony and the
administration and reliability of the tests used to determine if appellant was intoxicated. 
Appellant's trial counsel also filed and succeeded on several pre-trial motions, conducted
proper voir dire, and vigorously cross-examined witnesses. Furthermore, trial counsel was
able to get the 911 audio tape and portions of the police videotape excluded from the
evidence entirely. Accordingly, we find counsel's conduct in this case falls within the wide
range of reasonable and professional representation, and no reversible error is
demonstrated. See Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett v.
State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). 

 We have made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.

 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



iority="30" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Intense Quote"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00172-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
26, 2010

 



 

JIMMY J. GOBER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-421,987; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Jimmy Joe Gober, was convicted by a jury of possession with intent to
deliver a controlled substance, methamphetamine, in an amount of at least four
grams or more but less than 200 grams.[1]  The jury further found that the offense was
committed within a drug-free zone.[2]  Appellant was subsequently sentenced to
confinement for 15 years in the Institutional Division of the Texas Department
of Criminal Justice (ID-TDCJ).  Appellant
appeals the judgment alleging that the trial court committed reversible error
by allowing a co-defendant to invoke her Fifth Amendment privilege against
self-incrimination in front of the jury. 
We affirm.

Factual and Procedural Background

            Prior
to appellants trial for the indicted offense, both the State and appellant
requested a subpoena be issued for Gloria Flores.  Flores had been indicted for the same offense
as appellant.  After the trial began,
appellants trial counsel indicated to the trial court that he had been
informed by Floress attorney that Flores would invoke her Fifth Amendment
privilege to remain silent as to any questions regarding the offense for which
appellant was on trial.[3]  After so informing the trial court, trial
counsel then requested that Flores be required to assert her Fifth Amendment
privilege out of the jurys presence. 
The trial court overruled the request. 
The State then called Flores to the witness stand and proceeded to
question her.  After answering four
questions regarding her name and other personal data, Flores asserted her Fifth
Amendment privilege to the next 11 questions propounded to her by the
State.  Trial counsel never asserted an
objection to these questions on the ground that Flores was being required to
assert her Fifth Amendment privilege in front of the jury.  Further, appellants trial counsel never
asserted any other objections to the questions asked, except as to the final
question propounded by the State.  That
objection was to the leading nature of the last question asked by the
State.  After the State passed the
witness, trial counsel asked three additional questions of Flores and she
asserted her Fifth Amendment privilege as to each question.  

            The
jury subsequently found appellant guilty of possession with intent to deliver a
controlled substance, methamphetamine, of at least four grams or more but less
than 200 grams.  The jury also found that
appellants offense occurred in a drug-free zone.  Appellant elected for the trial court to
assess punishment and the court sentenced appellant to confinement for 15 years
in the ID-TDCJ.  It is from this judgment appellant appeals by a single issue.  By his issue, appellant contends that the
trial court committed reversible error by requiring Flores to assert her Fifth
Amendment privilege in front of the jury. 
We disagree with appellants argument and will affirm.

Preservation of Issue on Appeal

            Initially,
we address the States contention that appellant failed to preserve his issue
for appeal.  The State contends that,
since appellant did not object to each question that was asked of Flores and
did not request a running objection or a hearing outside the presence of the jury,
appellant has failed to preserve the issue for appeal.  Our view of the record is consistent with the
States first two observations. 
Appellant did not object to the individual questions being asked of
Flores and there was no request for a running objection.  Martinez v. State,
98 S.W.3d 189, 193 (Tex.Crim.App. 2003).  However, prior to Flores being questioned,
appellant did raise an objection outside of the jurys presence to the State
being allowed to question Flores when the State knew she would invoke her Fifth
Amendment privilege.  This is sufficient
to preserve the matter on appeal because Texas Rule of Evidence 103 provides
that objections to the admissibility of evidence made outside the presence of
the jury shall be deemed to apply to such evidence when it is admitted before
the jury without the necessity of repeating those objections.  Tex.
R. Evid. 103(a)(1); Haley
v. State, 173 S.W.3d 510, 517 (Tex.Crim.App.
2005).  

            Even
though we have found that the objection made by appellant did preserve the
issue of whether the State could knowingly force Flores to assert her Fifth
Amendment privilege in front of the jury, this does not end our inquiry into
the area of preservation of issues for appeal. 
This is so because the State next contends that, even if the objection
preserved error, the complaint on appeal does not comport with the objection
made to the trial court.  At trial, the
exact objection stated by trial counsel was, I would ask that that assertion of
her Fifth Amendment privilege be made outside the presence of the jury because
I dont think that its proper for that to occur in the presence of the
jury.  In his brief, appellant urges
that the action of the State in forcing Flores to invoke her Fifth Amendment
privilege before the jury allowed the State to introduce inadmissible
hearsay.  However, such was not the
objection made at trial.  In fact,
nothing in the record would advise the trial court that appellant is objecting
to Floress testimony based upon hearsay. 
Appellants failure to specifically object to the hearsay nature of the
questions results in the alleged error not being brought properly to the trial
courts attention.  Therefore, nothing
regarding the alleged hearsay nature of the testimony is preserved for
review.  Wilson v. State, 71
S.W.3d 346, 349 (Tex.Crim.App. 2002) (citing Thomas
v. State, 723 S.W.2d 696, 700 (Tex.Crim.App.
1986)).  

There, however, remains one complaint
that appellant makes that could be said to comport with the trial objection
made by appellant.  Appellant contends
that Floress refusal to answer questions could lead the jury to imply that all
present at the scene possessed the drugs that were found there.  Assuming that the general objection made
does, in fact, cover this subject matter, there was later testimony from
Charles Evans that identified all three suspects as being present when the
drugs were in view.  This testimony was
not objected to.  Therefore, the earlier
objection is waived.  Massey
v. State, 933 S.W.2d 141, 149 (Tex.Crim.App.
1996).

Our review of the record leads us to
conclude that appellant has failed to properly preserve for our review the
various matters brought forward on appeal. 
Accordingly, appellants single issue is overruled.

Conclusion

Having overruled appellants sole
issue, the judgment of the trial court is affirmed.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.  

Pirtle, J., concurring.  











[1]
See
Tex. Health & Safety Code ann.
§ 481.112(d) (Vernon Supp. 2009).

 





[2]
See
Tex. Health & Safety Code Ann.
§ 481.134(b) (Vernon Supp. 2009).





[3]
See
U.S. Const. amend. V.